■ In the Matter of the Claim of AUSTIN J. BOUDREAU, Respondent. FORD MOTOR COMPANY, Appellant; MARTIN P. CATHERWOOD, as Industrial Commissioner of the State of New York, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board. The employer on May 22, 1958 posted a notice stating that production in its automobile plant at Green Island would cease for a week beginning May 23. Operation would be resumed June 2. A union contract provided for three weeks' paid vacation to be scheduled usually between May 15 and September 30, the time being fixed "with due consideration, however, to the wishes of employees". Claimant requested a week of his paid vacation during the period of shutdown. This was allowed by the company. Claimant returned to work when the plant reopened June 2; he took the remaining two weeks vacation in July. He filed a claim for unemployment insurance benefits during the week beginning May 25. The Unemployment Insurance Appeal Board, reversing a decision of the Referee holding claimant ineligible, held that claimant was entitled to benefits. We hold the Referee was right; the board wrong. The statute, amended in 1957 to clarify judicial interpretations of the meaning of "vacation", as well as uncertainties in administrative rulings, now provides (Unemployment Insurance Law, § 591, subd. 3, par. [a]) that no benefits are payable where there is "a temporary respite from work" for which vacation allowance is paid and where the claimant is "substantially fully employed" by the employer during the week before and the week after the vacation period. Each of these clear criteria is shown to exist in this case. Claimant need not have applied for vacation allowance in the week in question; in which event he would have been entitled to benefits under the statute. But within these statutory definitions he is not entitled to both vacation pay and unemployment benefits. That this was not a "temporary respite from work" is, in the light of claimant's own application for vacation pay during a period covered by the collective bargaining agreement, a resort to an abstraction removed from the realities of the case. It departs from the intention of the statute. Decision of the Unemployment Insurance Appeal Board reversed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.